MEYLINK, Respondent, v. MINNEHAHA COOPERATIVE
OIL CO., A Corporation, Appellant

(291 N. W. 572.)

(File No. 8299. Opinion filed April 10, 1940.)

**Blaine Simons,** of Sioux Falls, for Appellant.
**Henry C. Mundt,** of Sioux Falls, for Respondent.

PER CURIAM. Trial of this case resulted in a verdict for plaintiff which was set aside by the learned trial court upon motion for judgment notwithstanding the verdict. Upon appeal this court directed the reinstatement of that verdict. 66 S. D. 351, 283 N. W. 161. After judgment was en-

tered, defendant made a motion for a new trial based upon specifications of insufficiency of the evidence to support the verdict. The present appeal is from the order denying a new trial.

 The contention now made is that we should review the evidence as a whole under the rule of Drew v. Lawrence, 37 S. D. 620, 159 N. W. 274, 276, to determine whether the "jury failed to· draw proper inferences from such evidentiary facts or failed to properly weigh, one against another, the inferences that it drew therefrom." Although no reference was made to the case of Drew v. Lawrence, supra, the precise matters there discussed received the further consideration of this court in the case of Wolff v. Stenger, 59 S. D. 231, 239 N. W. 181, 183. It was there said: "The language above quoted might also justify an ·inference that there was some distinction between the scope of the inquiry by this court in determining on appeal from an order denying new trial whether the evidence was sufficient to support the verdict, and in determining on appeal from a judgment whether the court erred in denying appellant's motion at ·the close of all the testimony for a directed verdict. We think such inference should not be indulged. If any such distinction exists, it is so fine and so artificial as to be impossible of any practical application, and we may safely say that for all practical purposes there is no such distinction. Where motion for new trial has been denied, a verdict will not be disturbed on appeal because of insufficiency of evidence to support the same if there is any substantial credible evidence (more than 'a mere scintilla') in support thereof. All conflicts will be resolved in favor of the verdict. A verdict will not be disturbed on appeal for insufficiency of evidence where the trial court would not have been justified in directing a different verdict. Taylor v. White River Valley Ry. Co., 29 S. D. 12, 135 N. W. 758; Mundon v. Greenameyer, 44 S. D. 440, 184 N. W. 257. And conversely the propriety of a directed verdict is tested by determining whether the evidence would be deemed sufficient to support a jury verdict for the other party. Sioux Nat. Bank v. Lundberg, 54 S. D. 581, 223 N. W. 826; Com-

mercial, etc., Bank v. Duitsman, 48 S. D. 534, 205 N. W. 379. So far as concerns sufficiency of evidence, therefore, we can see no difference susceptible of either measure or statement in the tests to be applied to determine whether the evidence is sufficient to support the verdict, or to determine whether the trial court ought to have directed a verdict, or to determine whether the trial court ought to have granted judgment n. o. v." This, in our opinion, states the true rule, and anything appearing to the contrary in Drew v. Lawrence, supra, is hereby expressly overruled.

█ Nothing herein contained should be interpreted as in any manner limiting the power lodged in the trial courts to exercise a broad discretion in granting a new trial.

We have examined the record and are of the opinion, as indicated on the former appeal, that the verdict is supported by substantial, credible evidence. It follows that the order of the trial court denying a new trial must be affirmed.

All the Judges concur.