ANDERSON, Respondent, v. LANGENFELD, et al.,
Appellants

(36 N. W.2d 388.)

(File No. 8965. Opinion filed February 28, 1949)

**Davenport, Evans & Hurwitz** and **Deming Smith,** all of Sioux Falls, for Defendants and Appellants.

**Austin & Lovre** and **Irving A. Hinderaker,** all of Watertown, for Plaintiff and Respondent.

HAYES, J. Defendants appeal from a verdict and judgment awarding to plaintiff the sum of $700 for his personal injuries and damages to his automobile. Of the errors assigned we have chosen to treat exclusively the question of contributory negligence on plaintiff's part as urged in appellants' brief. As will be observed, the decision we have reached respecting this question obviates anything more.

At the trial plaintiff alone related the facts which govern us upon our review of this case. The only other person known to be present at the time of the collision hereinafter

described, the driver of a truck operated for defendants, was fatally injured and died very shortly after the vehicles collided.

Plaintiff's testimony establishes the following facts: He started to drive south from Watertown to his home via U. S. Highway No. 81 between eight and nine o'clock in the morning. It began to rain while he was at Watertown and the highway was somewhat slippery due to the rain. He was driving his 1929 Oakland Sedan equipped with good brakes on all four wheels. U. S. Highway No. 81 is a black-top or tarvia surfaced highway south of the city where the collision occurred. Plaintiff had driven this course in motor vehicles for about thirty years. At a point about five miles south of Watertown he approached defendants' truck as it proceeded in the same direction plaintiff was traveling. He followed the truck for a distance of about half a mile as both vehicles approached an intersection of the main highway with an east-west county or township highway. While following the truck plaintiff maintained a distance of 150 to 200 feet to the rear or directly behind and in the same travel lane. Both vehicles were moving along at a rate of thirty-five miles per hour as they neared the intersection. The highway declines slightly and gradually for some little distance north of this point. Photographs in the record disclose that the unimproved portions of the highway right-of-way to the north of the intersection are relatively smooth and without banks, cuts or ditches, except for a slight depression and embankment at a fence corner northwest of the intersection a distance of some yards west of the main highway shoulder. These same photographs show a rather complete set of farm buildings southeast of the intersection and near the main highway.

As defendants' truck was about to enter or was entering the intersection plaintiff observed that the same was being so operated as to suddenly bring it to a pause or stop. He did not state that the truck was thereby caused to slide or skid. Thus confronted he decided to pass the truck on the left or east side thereof at the intersection. He saw no signal on the part of the truck driver indicating the latter's

course of travel at the intersection. Plaintiff did not sound his horn as he started to overtake the truck. The truck moved into the east lane and blocked the passage plaintiff had sought to take. He applied his brakes and slid or skidded 100 feet and against the side of the truck body. As a result of the impact the truck was overturned on the eastern side of the intersection headed in a northerly direction.

On direct examination, when asked to state what happened at the intersection, plaintiff testified: "I turned out, turned to the left to go by him and he turned directly in front of me and I skidded—I applied my brakes and I skidded into him." On cross examination plaintiff testified that if he had put on his brakes when he first saw the truck driver applying brakes to the truck there would not have been a collision. When thereafter examined by his own counsel and asked if he could have turned to the right plaintiff replied: "I didn't need to turn anywhere, I could have went straight." In other words, had he not chosen to pass the truck at this intersection, but had, in lieu thereof, either applied his brakes or proceeded forward on his right-hand side of the highway, no one would have suffered harm.

■ Viewing the facts of the case as altogether sufficient to establish negligence on the part of the truck driver and accepting as true plaintiff's statement and explanation of his own conduct we think it most readily apparent therefrom that plaintiff was guilty of negligence contributing substantially to the proximate cause of the injuries and damage for which a recovery was allowed as noted above. He chose to pass the truck at the intersection. This choice is denied him by law. SDC 44.0313 in part provides: "The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction * * * at any intersection of highways * * *." This prohibition plaintiff elected to ignore and as a proximate result of such election the collision ensued. It is recognized as the law of this state that where the violation of a statute is the proximate cause of an injury a right of action accrues. Zeller v. Pikovsky, 66 S. D. 71, 278 N. W. 174; Robertson v. Hennrich, 72 S. D. —, 29 N. W.2d 329. A fortiori, such a violation constitutes con-

tributory negligence so as to bar recovery on the part of him committing the same. Kundert v. B. .F. Goodrich Co., 70 S. D. 464, 18 N. W.2d 786.

■ It must be acknowledged that the legislature deemed it contrary to proper and safe use of the public highways for motorists to overtake and pass other vehicles at intersections. In fixing the standard of conduct required of plaintiff at the scene of this collision that body proscribed the very act plaintiff undertook to perform. Having chosen the prohibited course, and having failed also to sound his horn as is required by SDC 44.0312, we think it not at all open to question that the conduct of plaintiff, aside from negligently contributing to the cause of the crash, invited the ensuing disaster. Such conduct precluded recovery by him in this action.

The judgment is reversed.

All the Judges concur.