# ROBERT BORRIS v. WILLIAM E. COX.[1]

November 25, 1955.

No. 36,551.

[1]Reported in 73 N. W. (2d) 372.

516

*J. H. Frundt,* for appellant.
*Putnam & Spencer,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action for damages to plaintiff's Chevrolet dump truck arising out of a collision between it and defendant's Dodge pickup truck, which occurred September 8, 1953, at an intersection formed by two county highways approximately one mile west of Kiester. At the time plaintiff's truck was owned by Orie Wade and driven by the latter's employee Leo Whalen. The truck, as well as the cause of action for its damages, was subsequently transferred or assigned to Robert Borris who brought the present action.

At the close of the plaintiff's case, the trial court directed a verdict in favor of the defendant, stating to the jury that:

"* * * the plaintiff driver, that is, the driver of the plaintiff's truck, was the servant of Orie Wade, and that, therefore, his actions were imputed to Orie Wade. And it appears, under the Highway Act [M. S. A. 169.18, subd. 5(b) (2)], that it is unlawful to pass another vehicle within one hundred feet of an intersection or while you are crossing an intersection. It appears, from the evidence, conclusively here that the driver of the plaintiff's truck attempted to pass the defendant's truck when he was within one hundred feet of the intersection or, as defendant claims on cross examination, when he was within the intersection. Therefore, the driver was prima facie guilty of negligence in attempting to pass the truck in question. It further appears from the evidence that no reasonable excuse was given why he passed the defendant's truck at the time in question. Therefore,

the Court thinks that the plaintiff driver was guilty of negligence, as a matter of law, and that such negligence was a proximate cause of the collision in question. I, therefore, instruct the jury to find a verdict for the defendant."

On appeal from an order denying plaintiff's subsequent motion for judgment notwithstanding the verdict or for a new trial, plaintiff contends that the issue of contributory negligence on the part of the driver of the plaintiff's truck, because of his violation of M. S. A. 169.18, subd. 5(b) (2), should have been submitted to the jury.

The evidence viewed in the light most favorable to plaintiff would establish that on the date of the accident Leo Whelan, an employee of Orie Wade, was driving the latter's 1951 Chevrolet truck in the course of his employment in a westerly direction on county highway No. 8 at a point approximately one mile west of Kiester; that, at that time, defendant William E. Cox was driving his 1942 Dodge truck also in a westerly direction on such highway preceding Whelan as they approached the intersection where the accident occurred; that within 100 feet of such intersection Whelan picked up speed in an attempt to pass Cox; that before attempting such passage Whelan sounded his horn; that at that time Cox apparently in response to the signal pulled the Dodge over to his right as if to let Whelan pass; but that just before entering the intersection while plaintiff's truck was abreast of or slightly ahead of defendant's truck, the latter, without warning and without signal, in attempting to make a left turn, suddenly drove the Dodge into the right side of plaintiff's truck just back of its front fender; and that the point of impact was about two car lengths or approximately 25 feet east of the center of the intersection. Whelan testified that the reason he attempted to pass in violation of the statute was to avoid following defendant up a hill located one-half mile west, which might then require him to shift to a lower gear.

It is not disputed that defendant did not signal that he intended to make a left turn, and he admits that he did not look to see if another car was following him and that at no time did he see plaintiff's truck.

518

■ It is conceded that plaintiff's driver Whelan violated the highway traffic regulation act, § 169.18, subd. 5(b)(2), which inter alia forbids one vehicle from passing another on the left half of the roadway "within 100 feet of or traversing any intersection." We feel, however, that the facts and circumstances, as outlined above, cannot be said to establish, as a matter of law, that such statutory violation constituted negligence proximately causing or contributing to the accident described. This is particularly true in view of the limitations prescribed in § 169.96, providing that a statutory violation such as this is but prima facie evidence of negligence. The rule which appears to govern the present situation is stated in Demmer v. Grunke, 230 Minn. 188, 193, 42 N. W. (2d) 1, 5, as follows:

"* * * A statutory violation constituting prima facie evidence of negligence prevails as a controlling evidentiary factor against the violator only so long as there is an absence of evidence tending to show a reasonable ground for such violation or only so long as there is no actual evidence to justify a reasonable assumption that such violation was not negligent under the circumstances and would therefore not reasonably endanger himself or any other person entitled to the protection of the act."

■ Under these principles the violator of a highway traffic regulation may overcome the prima facie case against him by submitting evidence (1) to establish that there was reasonable excuse or justification for such violation; or (2) which would justify a reasonable assumption that under the circumstances present such violation was not negligent and therefore would not reasonably endanger him or any other person entitled to the protection of the act involved. Thus, in Knudson v. Nagel, 238 Minn. 186, 56 N. W. (2d) 420, plaintiff's violation of § 169.18 was held not to constitute negligence as a matter of law because the evidence would reasonably support a finding that he had followed the described course which resulted in the violation of the act in order to avoid a collision with an approaching truck. Likewise, in Becklund v. Daniels, 230 Minn. 442, 42 N. W. (2d) 8, we held that defendant's violation of § 169.21, subd. 2, which requires the driver of vehicle to yield the right of way to pedestrians

crossing the highway in crosswalks, might not constitute negligence if the jury determined that it was excusable because of darkness or because other conditions present may have excused defendant's failure to observe the pedestrian and to yield to him such right of way. So also in Demmer v. Grunke, *supra*, we held that a 15-year-old girl was not guilty of negligence as a matter of law because her actions in riding her bicycle in an unauthorized traffic lane may have been excusable because of evidence that her vision may have been obstructed at the time.

■ On the other hand, where there is no evidence to support a finding of excuse or justification for such a statutory violation; or that a driver's actions in such violation were based upon a reasonable assumption that they would not endanger him or any other person entitled to the act's protection, we have held the violation constituted negligence as a matter of law. Thus, in Wojtowicz v. Belden, 211 Minn. 461, 1 N. W. (2d) 409, where plaintiff submitted no reasonable justification for walking near the center of a highway in violation of § 169.21, subd. 5, we held his negligence established as a matter of law. Likewise, in Tschida v. Dorle, 235 Minn. 461, 51 N. W. (2d) 561, the defendant was held guilty of negligence as a matter of law for violation of § 169.19, subd. 1(2), in making a left-hand turn at an intersection in front of a vehicle approaching so close as to constitute an immediate hazard where no reason was submitted to justify it.

■ Examination of the evidence here discloses that it could support a finding that there was reasonable ground for Whelan to assume that his violation of § 169.18 would not endanger him or any other person entitled to its protection and hence did not constitute negligence as a matter of law. He testified that just prior to the accident both vehicles were traveling slowly in a westerly direction—defendant was traveling at a speed of about 15 miles per hour and Whelan at a speed of from 25 to 30 miles per hour—; that the weather was clear; that when he sounded his horn defendant had pulled to the right, apparently in response thereto, in order to permit his truck to pass; that defendant at no time had signaled for a

left-hand turn as required by § 169.19, subd. 5, but had suddenly driven his truck into plaintiff's truck at the intersection; and that he had not known of defendant's intention to so act before he entered the intersection. Under the cases outlined such evidence could support a finding that Whelan was justified in reasonably assuming that his actions in violation of § 169.18, subd. 5, would not endanger himself or any other person entitled to its protection. It would follow that a jury question was presented as to whether such actions constituted negligence proximately causing or contributing to the accident.

The order appealed from is reversed and a new trial granted.

Reversed.

[1]Reported in 73 N. W. (2d) 362.