WAYNE BRUNO, A MINOR, BY CARL BRUNO, HIS FATHER
AND NATURAL GUARDIAN, AND ANOTHER v.
ANTHONY BELMONTE.

90 N. W. (2d) 899.

June 6, 1958—No. 37,308.

*T. J. Battis* and *Murnane & Murnane,* for appellants.

*Russell F. Swensen, Swensen & Miley,* and *Thomas J. Burke,* for respondent.

KNUTSON, JUSTICE.

Appeal from an order denying plaintiffs' motion for a new trial.

Western Avenue in the city of St. Paul runs generally in a north and south direction. Thomas Avenue runs east and west and intersects Western Avenue at right angles. Both streets are 40 feet in width from curb to curb and have a 7-foot boulevard between the curb and the sidewalk, which is 6 feet wide. There are stop signs on all four corners of the intersection so that all vehicles are required to come to a stop before entering the intersection no matter in which direction they are traveling.

At about 5 p. m. on January 6, 1956, defendant approached this intersection, traveling north on Western Avenue. He came to a full stop at the intersection in obedience to the stop sign. At least one car approached the intersection from the west on Thomas Avenue at about the same time and came to a stop. Another car approached the intersection from the east and came to a stop. After defendant had stopped, he entered the intersection, made a left turn, and proceeded westerly on the north half of Thomas Avenue. He said that when he had traveled about 30 or 35 feet west of the intersection he saw a cap, felt a bump, stepped on his brake, and stopped his car in 8 or 10 feet. He and his wife, who was riding with him, then got out of their car and found plaintiff Wayne Bruno sitting on the street near the right front fender or door of the car. Defendant testified that he had attained a speed of about 5 or 10 miles per hour at the time he felt this bump. His wife testified that she thought that he was traveling about 7 to

10 miles an hour. It is undisputed that Wayne was struck by the right front headlight or fender of defendant's car.

Wayne Bruno is a boy 5 years of age. He lived with his parents in a house on the north side of Thomas Avenue about half a block west of the intersection described above. He had attended kindergarten in a school located almost directly opposite the Bruno home south of Thomas Avenue. Shortly before the accident, Wayne's mother had sent him to a grocery store, located on the southwest corner of the intersection involved, for some groceries. He procured these groceries and left the store. No one knows how he proceeded from that point until he was struck by defendant's car. No one saw the accident, and no one saw Wayne prior to the accident except that defendant noticed a cap shortly before he felt a bump.

After the accident defendant's wife lifted Wayne into the car, and it then was moved a few feet to the curb. The police were called, and, when they arrived, Wayne was in defendant's car and it was near the curb about 40 feet west of the intersection.

The jury returned a verdict for defendant. Plaintiffs contend on this appeal: (1) That the court should not have submitted the question of contributory negligence to the jury; (2) that the court erred in refusing to submit M. S. A. 169.14, subds. 1 and 3, relating to speed, to the jury; (3) that defendant was guilty of negligence as a matter of law; and (4) that the court erred in denying a new trial on the ground of newly discovered evidence.

■ With respect to contributory negligence, plaintiffs first contend that we should now abandon the rule which we follow and adopt a rule that a child 5 years of age is incapable of being guilty of contributory negligence. The rule on this question is so well established and has been considered so frequently by this court that it would serve no useful purpose to reexamine the authorities on this subject.[1] There is no claim that the court's instruction on this phase of the case is not in accord with the rule we follow.

Plaintiffs next contend that, in any event, the evidence did not justify

---

[1]See, Eckhardt v. Hanson, 196 Minn. 270, 264 N. W. 776, 107 A. L. R. 1; Audette v. Lindahl, 231 Minn. 239, 42 N. W. (2d) 717.

submission of the issue of contributory negligence to the jury. After both parties had rested, the trial court and counsel conferred with respect to the issues which should be submitted to the jury. In this discussion, the court, in addressing itself to plaintiffs' counsel, said:

"The Court: You mean you want me to eliminate entirely the question of contributory negligence?

"Mr. Murnane: No, not contributory negligence.

"The Court: You want me to eliminate the question of negligence?

"Mr. Murnane: Yes."

Thereafter plaintiffs' counsel submitted written requests for instructions, among which were requests that the court charge the jury on the issue of contributory negligence of plaintiff Wayne Bruno, with the usual admonitions that a minor is not chargeable with the same degree of care as an adult. The court did so in accord with the rule we follow. Having requested an instruction on this issue and having taken no exception to the court's giving the instruction, we doubt that plaintiffs are now in a position to complain of it, but, aside from that, the evidence is such that it was proper to give the instruction. The jury could find that Wayne had been to the store and that thereafter he crossed the street at a point where defendant had the right-of-way over a pedestrian. Wayne was not seen in the intersection or on the crosswalk by anyone. The jury could assume that the cap which defendant first saw some 30 or 35 feet west of the crosswalk in the street was on Wayne's head and that he was in a place where a pedestrian would not be expected to be. Under all the circumstances in the case, the question of contributory negligence, with the usual admonition that children of tender years are not chargeable with the same degree of care as an adult, was properly submitted to the jury.

■ Plaintiffs contend that the court erred in refusing to submit § 169.14, subds. 1 and 3.[2]

---

[2]Subd. 1. "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so restricted as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal re-

The only direct evidence of speed is found in the testimony of defendant and his wife. The maximum speed attained by defendant, according to either defendant or his wife, was 10 miles per hour. Plaintiffs contend that the jury could reject this testimony and draw an inference from the evidence that defendant was traveling at a greater speed. They base this on the fact that a few days after the accident defendant was interviewed by an individual working in the office of plaintiffs' counsel, who was accompanied by a shorthand reporter. This reporter was called as a witness and testified that defendant had then stated that he struck Wayne in the crosswalk. From this, plaintiffs reasoned that the jury could infer that Wayne was struck in the crosswalk and that it took defendant some 40 feet thereafter to stop his car; hence that he must have been going faster than he said he was. An examination of this testimony discloses that defendant also told this investigator and reporter that he had pointed out to the police officer who appeared at the accident shortly after it occurred exactly where it happened. This police officer was called as a witness and testified that defendant had informed him at the scene of the accident that it happened some 30 or 35 feet west of the crosswalk. There is nothing to contradict the testimony of defendant and his wife that they stopped 8 or 10 feet from the point of impact and that Wayne was found near the front door of the car.

Taking the evidence as a whole, it would require an extremely strained construction of it to permit an inference of excessive speed in this case. No one questions the fact that defendant came to a complete stop before entering the intersection. He had made a left turn and had proceeded only a very short distance after making such turn when the accident happened. There is nothing to contradict the testimony of defendant and his wife as to speed unless it be the inference plaintiffs

---

quirements and the duty of all persons to use due care."

Subd. 3. "The driver of any vehicle shall, consistent with the requirements, drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions."

contend the jury could draw from the single statement mentioned above, which is contradicted by a statement made at the same interview as corroborated by the police officer. Under these circumstances, we do not think that the evidence justifies any inference of negligence based on excessive speed; hence it was proper to refuse to give the requested instruction.

■ Plaintiffs next contend that the court should have instructed the jury that defendant was guilty of negligence as a matter of law. We see no need of discussing this contention. Clearly, the evidence presents a fact question on the issue of defendant's negligence. The only basis for a finding of negligence was failure to keep a proper lookout. The location of the accident, the condition of light at the scene, and other factors which normally would lead to the discovery of the boy before the collision were all matters properly submitted to the jury.

■ As one of the grounds for a new trial plaintiffs allege that, after the trial had been completed and the verdict of the jury returned, they discovered a witness by the name of Carl L. Kramlinger, who lives almost directly across the street from the home of plaintiffs. As a part of the motion for a new trial, plaintiffs submitted an affidavit of Mr. Kramlinger in which he stated that at about the time of this accident he was proceeding east on Thomas Avenue; that as he approached this intersection two cars were stopped ahead of him; that as he stood waiting for the other cars to proceed he observed a person who appeared to be the driver of the first car ahead hurriedly open the car door and step out and wave both arms toward the moving automobile (of defendant) and in an excited manner make movements indicating to him that this individual was attempting to signal the driver of the moving car; and that this signaling took place when the rear of the moving automobile was approximately even with the westerly crosswalk. Mr. Kramlinger does not claim that he saw the accident. He did not stop at the scene, nor did either of the two cars preceding him.

It is axiomatic that whether a new trial should be granted on the ground of newly discovered evidence is a matter resting largely within the discretion of the trial court.[3] Before such newly discovered evidence

---

[3]Merek v. S. J. Groves & Sons Co. 200 Minn. 418, 274 N. W. 402.

can furnish the basis for a new trial it must be shown that proper diligence to discover it before the trial was exercised,[4] and, further, it must appear that the newly discovered evidence is such that it probably will lead to a different result in a new trial. Here, there is no satisfactory showing that Mr. Kramlinger, who lived across the street from plaintiffs, could not have been discovered as well before trial as after. Neither do we believe that the evidence which in his affidavit he relates he could give is such that it probably would lead to a different result in a new trial.

We find no reversible error.

Affirmed.

