HULLANDER, Appellant v. McINTYRE, Respondent

(104 N.W.2d 40)

(File No. 9808. Opinion filed June 21, 1960)

454

**Campbell, Voas & Richardson,** Aberdeen, for Plaintiff and Appellant.

**Woods, Fuller, Shultz & Smith,** Sioux Falls, for Defendant and Respondent.

RENTTO, J. The plaintiff commenced this action to recover damages for injuries to her person and property suffered when the automobile she was driving was involved in a collision with a farm rig operated by the defendant. The defendant denied negligence on his part and asserted that the accident was the result of negligence on the part of plaintiff. He counterclaimed for the damages caused to his person and property. The jury found for the plaintiff and against the defendant and fixed her damages at $1,809.21 for which judgment was entered. On defendant's alternative motion for a judgment notwithstanding the verdict

or a new trial the former judgment was set aside and a judgment entered dismissing plaintiff's complaint and denying defendant any recovery on his counterclaim. Plaintiff appeals from the part of the judgment dismissing her complaint.

The accident occurred on U.S. Highway 12 about a mile east of the city limits of Aberdeen, South Dakota, at a point where that highway abuts a road going south therefrom commonly referred to as the Melgaard Road. Highway 12 is the principal east and west route into and out of Aberdeen and is a fairly heavily traveled road. It is a two-lane highway with a blacktop surfacing about 26 feet in width. The Melgaard Road is also a blacktop highway and is a little more than 25 feet in width where it joins Highway 12. Running north from the highway at this intersection is a road described in the record as "just a couple of tire ruts". Apparently the Melgaard Road and the one going north are on a section line. The area around the intersection is fairly level. While there was a mailbox at the south edge of the highway to the east of this intersection and some billboards for commercial advertising the traveler was not forwarned of the intersection by highway signs or markings.

■ ■ In deciding this appeal we review the evidence to determine whether the court was warranted in entering the judgment complained of. In so doing we view the evidence in the light most favorable to the plaintiff. In keeping with this rule all conflicts in the evidence are resolved in favor of the verdict. Meylink v. Minnehaha Co-op. Oil Co., 66 S.D. 351, 283 N.W. 161; 67 S.D. 187, 291 N.W. 572. If it appears from the record when so reviewed that there is some substantial credible evidence in support of the verdict then the judgment entered thereon must be reinstated. If it is otherwise the action of the trial court was proper.

On July 24, 1956 between 8:15 and 8:30 that morning the plaintiff, Mrs. Hullander, accompanied by her daughter-in-law left Hastings, Minnesota with Jamestown, North Dakota, as their destination. They were traveling in a 1956 Pontiac automobile owned and driven by the plaintiff. It

was the first time that she had gone over the road in question. About 2:30 that afternoon she arrived in the area of the accident. The day was hot, clear and dry with visibility good. She was driving at about 60 miles an hour when she first noticed defendant's farm rig one-half mile ahead of her also going west. It consisted of an empty hayrack hitched to a tractor with an overall length of 29 feet 1 inch. When about two blocks behind the rig she reduced her speed to 40 miles an hour. She didn't remember any other vehicles on that stretch of the highway at that time going in either direction. Defendant's testimony is that there were two other cars ahead of her going west which he motioned by him near the intersection.

Defendant's rig was traveling at a speed of five miles an hour or a little less in the north or west bound lane of the highway—probably a little more to the north than to the south. As they proceeded west the defendant swung his rig to the north "just far enough to indicate he was turning north". At this time plaintiff observed the "farm grass road" going north from the highway. She then sounded her horn and started to turn into the south lane of the highway. Plaintiff was then about a block behind the rig. She increased her speed slightly after she got into the south lane in her effort to pass the farm rig. As she got about even with the hayrack the defendant without giving any signal turned his rig toward the south lane. At that time she first saw the Melgaard Road leading south from the highway. She again sounded her horn, put on her brakes and turned her car a little more toward the south but could not stop in time to avoid the collision. The application of her brakes left skid marks on the pavement running southwesterly for a distance of about 25 feet.

The right front of the plaintiff's car collided with the front part of the tractor. The point of this impact was in the south lane of the highway about two feet to the south of the center line within the intersection. The tractor was tipped over and broke into several pieces. The rear portion of the hayrack swung to the south and struck the rear end of the

Pontiac. The car did not tip over but continued on for a short distance to the southwest and came to a stop on the pavement. Defendant's wife was also on the tractor. She was seated over the axle facing east. While all the persons involved suffered personal injuries in varying degrees there were no fatalities.

Basic in this appeal is that rule of the road contained in SDC 44.0313 as amended by Ch. 230, Laws of 1953, which, so far as here material, provides that:

> "The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction at any * * * intersection of highways unless permitted so to do by a traffic or police officer."

This section was before this court in Anderson v. Langenfeld, 72 S.D. 438, 36 N.W.2d 388. The defendant relied on this case in support of his motion for a judgment notwithstanding and undoubtedly it had much to do with the entry of the judgment appealed from. In his letter informing counsel of his decision to grant the motion of the defendant the trial court said he was doing so because "the plaintiff was guilty of negligence more than slight in comparison with the negligence of the defendant, and that such negligence on the part of the plaintiff was a proximate cause of the accident * * ". Counsel for the defendant on this appeal suggests that the Anderson-Langenfeld case holds that one who passes at an intersection regardless of the circumstances is guilty of negligence as a matter of law. We do not share that interpretation.

Ignorance of facts which make a statute applicable may serve as justification or excuse for a violation thereof in so far as civil liability is concerned. McEachen v. Richmond, 150 Cal.App.2d 546, 310 P.2d 122. This rule has been applied to the violation of a statute which prohibits passing at an intersection. Edgett v. Fairchild, 153 Cal.App. 2d 734, 314 P.2d 973. While this court in Johnson v. Chicago & Northwestern Ry. Co., 71 S.D. 132, 22 N.W.2d 725, was concerned with a railroad crossing the reasoning of that

case as applied to this situation requires us to hold that if a motorist is unaware of the existence of an intersection and it is such as not to be discoverable by the exercise for ordinary care he should not be expected to comply with the statute.

■ Our statutes regulating traffic and the manner of driving establish standards of conduct. Vaughn v. Payne, 75 S.D. 292, 63 N.W.2d 798. The provision as to passing at intersections is one of these, but its violation is not negligence as a matter of law. Rather it is only a prima facie showing of negligence which "may be overcome by evidence that the failure was excusable or justifiable under the circumstances and not inconsistent with the exercise of due care." Frager v. Tomlinson, 74 S.D. 607, 57 N.W.2d 618, 620. For a scholarly treatment of the divergent rules in this field see Harper & James, The Law of Torts, § 17.6. In Minnesota where they have a statute which makes a violation of their no-passing law prima facie evidence of negligence they apply the rule of excuse or justification. Roeck v. Halvorson, 254 Minn. 394, 95 N.W.2d 172. Incidentally this case also involved a hayrack drawn by a tractor on a trunk highway.

■ The prima facie showing of negligence which arises because of the violation is overcome if there is evidence to establish that there was reasonable grounds for the violation; or proof that would reasonably justify an assumption that the violation would not endanger the offending motorist or any other person entitled to the act's protection. Borris v. Cox, 245 Minn. 515, 73 N.W.2d 372. This, of course, must be determined by looking toward the event rather than back at it. Grosz v. Groth, 78 S.D. 379, 102 N.W.2d 834. The entire situation that faced the plaintiff when she attempted to pass is the picture which the trier of facts must view in evaluating her conduct.

In considering whether plaintiff's attempt to pass defendant is excusable or justified it must be noted that she made no effort to pass until she observed defendant swing his rig to the north edge of the pavement at which time she first saw the road leading north from the highway. She then concluded that he was going to turn off the highway to the

north which was to his right. This fact we think significant in view of SDC 44.0316 which provides:

"Except as otherwise provided in this section the driver of a vehicle intending to turn to the right, at an intersection shall approach such intersection in the lane for traffic nearest to the right-hand side of the highway, and in turning shall keep as closely as practicable to the right-hand curb or edge of the highway, and when intending to turn to the left shall approach such intersection in the lane for traffic to the right of and nearest to the center line of the highway and in turning shall pass beyond the center of the intersection, passing as closely as practicable to the right thereof before turning such vehicle to the left. For the purpose of this section, the center of the intersection shall mean the meeting point of the medial lines of the highways intersecting one another."

Since the defendant gave no signal as required by SDC Supp. 44.0317 to indicate that he was going to turn in either direction it seems to us that plaintiff in keeping with due care could assume from his actions that if he turned off the highway it would be to the north. Her decision and attempt to pass came after this. The sounding of her horn before beginning this maneuver was in compliance with SDC 44.0316.

On this feature of excuse or justification there are other factors which must be considered. Plaintiff was on a highway with which she was unfamiliar. Her conduct must be measured by what an ordinary prudent person traveling over this highway for the first time would have done under like circumstances. Johnson v. Chicago & Northwestern Ry. Co., supra. Also there were no Highway Department signs or markings to warn her of this intersection. In addition there was evidence from which the jury could infer that the weeds along the highway had not been mowed. In Roeck v. Halvorson, supra, about what we have here in these additional factors, was held sufficient to excuse a similar violation.

The defendant stresses the plaintiff's failure to discover the road running to the south before she attempted to pass and urges that because of this plaintiff's violation should not be excused or justified. In this case it should be noted that up to the time she decided to pass her main concern would naturally be this long slow moving rig ahead of her on the road. We think that under these circumstances an ordinarily prudent person would be more concerned about the highway ahead of her than with what was to the south of the road. Whether plaintiff under these circumstances was not sufficiently concerned with the south edge of the highway is in our view for the jury and is only one part of the picture from which the answer to the issue of excuse or justification must be spelled out.

On the matter of highway signs or markings, plaintiff's testimony that there were none was stricken on defendant's motion and he now urges that there is no evidence on this feature in the record. However, we think that a jury could find from the photographs put in evidence by the defendant, considered together with the testimony, that there were no signs or markings. Consequently, we are not called on to decide whether this court on review can consider evidence which was improperly stricken. Since these photographs were taken about two years after the accident and there was evidence that some changes had taken place in the area since the accident, which the court recognized in its limited admittance of these into evidence, it was for the trier of facts to say what the actual situation was at this intersection at the time of the accident. It is our opinion that a jury could properly find that plaintiff's violation of the statute in question was excused or justified and that under these circumstances her conduct was not inconsistent with due care.

In a number of jurisdictions it is held that a party passing in violation of a statute or ordinance is guilty of negligence as a matter of law. See Annotation 53 A.L.R.2d 850 and the cases collected in the 1960 Supp. Service thereto at p. 3287. However, it is to be noted that the more recent

cases exhibit a trend away from this view. The devices by which the courts accomplish this are numerous. The Florida court did it by receding from its former view because it was "tantamount to releasing the driver of a car from any legal responsibility for the safety of those following him on the highways". Gudath v. Culp Lumber Co., Fla.Cas. 78-81 So. 2d 742, 744, 53 A.L.R.2d 846. SDC Supp. 44.0317 makes it the duty of the driver turning off the highway to "first see that such movement can be made in safety."

The circumstances of this case which we feel would justify a jury in finding that the violation was excusable or justifiable were not present in the Anderson-Langenfeld case. In the circumstances of that case there was no sufficient basis for holding that Anderson's conduct was not inconsistent with the exercise of due care. The issue of excuse or justification was not presented. Accordingly, we do not read that case as holding that any violation of our no-passing rule is negligence as a matter of law. We think its holding and language are limited by the fact situation there present. Consequently, the order setting aside the verdict and the judgment for defendant are reversed with directions to enter judgment for plaintiff on the verdict.

HANSON and BIEGELMEIER, JJ., concur.

SMITH, J., dissents.

ROBERTS, P.J., not sitting.