**Julie Ann YAMRY–SMOLEY,
Respondent,**

v.

**Patrick Leo ZEHRER, Appellant,**

**Marvin Krietman, Respondent.**

No. C6–88–702.

Court of Appeals of Minnesota.

Dec. 6, 1988.

Review Granted Jan. 31, 1989.

Edwin E. Voigt, II, William K. Strifert, Taylor Law Firm, P.A., Minneapolis, for Julie Ann Yamry-Smoley.

Michael T. Feichtinger, Michael J. Ford, Quinlivan, Sherwood, Spellacy & Tarvstad, P.A., St. Cloud, for Patrick Leo Zehrer.

Julie A. Williams, Cragg & Bailly, Ltd., Minneapolis, for Marvin Krietman.

Heard, considered and decided by SCHUMACHER, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

SCHUMACHER, Judge.

This is an appeal of the trial court's denial of appellant's motions for a new trial and JNOV on the issues of negligence and evidence submitted to the jury concerning consumption of alcohol.

## FACTS

Respondent Yamry-Smoley brought an action for personal injuries resulting from an auto accident which occurred on January 9, 1987 between 11:00–11:30 p.m. on County Road 24 near Bowlus, Minnesota. It was a clear winter night, the moon was out, the road was dry and fairly straight for at least a half mile prior to the scene of the accident.

Appellant Zehrer, was driving south on County Road 24 when his pickup truck stalled. Riding with him were Fay Krietman and Mrs. Krietman's husband, Warren Krietman. The three had just left Bowlus and were headed back to Upsala when the pickup stalled. Earlier in the evening, they had been driving around putting up signs advertising a smorgasbord at Krietman's restaurant in Upsala. Appellant left his pickup truck partially on the road and walked to a nearby farmhouse to use a phone. Appellant called Krietman's son Marvin and asked him to bring the Kriet-

man pickup so they could tow the stalled truck home. Appellant then walked back to his truck.

Marvin Krietman arrived about 25–30 minutes after the call. He could not find the keys to the family pickup so he brought the Krietman Oldsmobile instead. Marvin stopped the Oldsmobile in the middle of the northbound lane of traffic, parallel to appellant's truck and turned on his flashers. Marvin and appellant had a short conversation about why Marvin was in the Oldsmobile instead of the pickup. They decided they would not be able to tow appellant's pickup with the Oldsmobile. Marvin drove down the road and prepared to execute a U-turn. Warren and Fay got out of the stalled truck and started to help appellant push his truck into a field approach (an entrance drive to a farmer's field) about twenty feet north and to the rear of appellant's truck.

Respondent Yamry–Smoley approached the stalled truck from the north heading south on County Road 24 at approximately 40–50 m.p.h. She testified the headlights from the Krietman Oldsmobile in the opposite lane blinded her and that when she got beyond the headlights she saw something in front of her. She then hit the rear of the stalled truck.

Both appellant and respondent Yamry–Smoley had been drinking the night of the accident. Appellant's motion to suppress evidence of appellant's drinking that night was denied by the trial court. Evidence of drinking by both parties was admitted. Appellant testified he had consumed nine 10 oz. glasses of beer between 3:00 p.m. and 11:00–11:30 p.m. and respondent Yamry–Smoley testified she had been drinking between 6:30 p.m. and 11:00–11:30 p.m. and had consumed 4–5 blackberry brandy and cokes.

The trial court ruled as a matter of law that appellant Zehrer was negligent at the time of the accident and the jury found that his negligence was a direct cause of the accident. The jury found that respondent Yamry–Smoley was negligent at the time of the accident but her negligence was not a direct cause of the accident, and that

defendant Marvin Krietman was not negligent at the time of the accident.

## ISSUES

1. Was the evidence introduced at trial sufficient to present a fact question to the jury on the issue of appellant's negligence?

2. Did the trial court abuse its discretion by allowing testimony of alcohol consumption by appellant?

## I.

■■ On appeal from a judgment where a directed verdict was granted, the reviewing court must make an independent assessment of whether the evidence is sufficient to present a fact question to the jury. *Citizens' National Bank of Willmar v. Taylor,* 368 N.W.2d 913 (Minn.1985).

■■ Regarding the issue of appellant's negligence, Minn.Stat. § 169.32 (1986) provides as follows:

Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of at least 20 feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle be available from a distance of 200 feet in each direction upon such highway.

This section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such a manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position.

Appellant's violation of this statute hinges on the interpretation of the word "impossible." In *Geisen v. Luce,* 185 Minn. 479, 242 N.W. 8, 10 (1932), the Minnesota Supreme Court construed "impossible" to

mean "the car must be disabled to the extent that it is not reasonably practical to move the car * * *."

The trial court found it was reasonably practical to move the car stating:

[appellant] had available help to him to push the vehicle approximately two car lengths on a level roadway to an approach where the car would have been totally off the road. It was and is the court's conclusion that such conduct as a matter of law constituted negligence. (Order and Memorandum dated March 21, 1988 denying appellant's motion for a new trial on the issue of liability).

Violation of Minn.Stat. § 169.32 (1986) is not negligence per se but is prima facie evidence of negligence only. *See* Minn. Stat. § 169.96 (1986). In order to overcome a prima facie case of negligence a violator must

(1) establish that there was reasonable excuse or justification for such violation; or

(2) justify a reasonable assumption that under the circumstances present such violation was not negligent and therefore would not reasonably endanger him or any other person entitled to the protection of the act involved. *Borris v. Cox*, 245 Minn. 515, 73 N.W.2d 372, 375 (1955).

The burden of producing this evidence is upon the violator. *Id.* Appellant asserts that there was sufficient evidence presented to show that he made a reasonable decision to leave his pickup truck parked as he did for approximately one-half hour. The trial court concluded that this was not reasonable and Zehrer's conduct constituted negligence as a matter of law. We agree.

## II.

██ The admissibility of pre-accident conduct as evidence of the cause of an accident is a question of relevancy. *Atkinson v. Mock*, 271 Minn. 393, 135 N.W.2d 892, 894 (1965). The supreme court has held that a "trial court is accorded wide discretion in making evidentiary rulings." *Verhel by Verhel v. Independent School District No. 709*, 359 N.W.2d 579, 591 (Minn.1984).

Admission of testimony concerning the alcohol consumption of appellant and respondent is within the discretion of the trial court. Evidentiary rulings are committed to the discretion of the court and will be reversed only where there has been an abuse of discretion. *Jenson v. Touche Ross & Co.*, 335 N.W.2d 720, 725 (Minn. 1983).

Both sides argued for exclusion of evidence of alcohol consumption. The evidence did not indicate that either party's alcohol consumption approached impairment under Minn.Stat. § 169.121 (1986). In this case, we cannot say that the trial court's decision to admit this evidence was clearly erroneous.

## DECISION

We conclude that the trial court did not err in directing a verdict of negligence against the appellant, and furthermore, that the trial court did not err in admitting evidence of alcohol consumption by appellant.

AFFIRMED.