WADIM KRAFFT v. ROBERT A. HIRT AND ANOTHER.

110 N. W. (2d) 14.

June 16, 1961—No. 37,961.

---

[4]State ex rel. Flynn v. Rigg, 256 Minn. 304, 98 N. W. (2d) 79.

*Nahurski & Cyptar,* for appellant.

*Murnane, Murnane, Battis & deLambert,* for respondent Hirt.

*Randall, Smith & Blomquist,* for respondent Northwestern Bell Telephone Company.

DELL, CHIEF JUSTICE.

This is an action to recover damages for personal injuries sustained by plaintiff as the result of a motor-vehicle collision caused, so it is claimed, by the concurrent negligence of both defendants.

For several days prior to the accident the defendant Northwestern Bell Telephone Company had been splicing cable contained in the north sidewalk of the Kellogg bridge on Third Street in St. Paul. On the morning of January 9, 1958, two employees of the telephone company parked two of the company's trucks near the middle of the bridge for the purpose of continuing with the splicing job. The trucks were parked in the most northerly lane of the four-lane bridge so as to change the flow of westerly traffic from two lanes to one. Shortly after the trucks were parked, plaintiff turned onto the bridge traveling in

the unobstructed westbound lane. According to plaintiff, as he approached the parked trucks an automobile on his right started to turn in front of him to go around the trucks and merge with the traffic in his lane. Plaintiff further testified that as he applied his brakes to avoid a collision his car skidded, its left rear portion crossed the centerline, and it collided with a car being driven in an easterly direction by defendant Robert A. Hirt. While there is some conflict in the evidence as to the speed and location of the Hirt vehicle immediately prior to the accident, that is of no consequence on this appeal.

At the close of plaintiff's case the trial court granted the motion of the telephone company for a dismissal on the merits.[1] The jury returned a general verdict in favor of the remaining defendant, Hirt. Plaintiff appeals from an order denying his motion for judgment notwithstanding the verdict or, in the alternative, for a new trial as to both defendants.

■ The plaintiff contends that, since the telephone company violated a highway traffic regulation, the trial court erred in refusing to submit the issue of the company's negligence to the jury. Minn. St. 169.34 provides in part:

"No person shall stop, stand, or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with the directions of a police officer or traffic-control device, in any of the following places:

\* \* \* \* \*

"(13) Upon any bridge or other elevated structure upon a highway or within a highway tunnel, except as otherwise provided by ordinance."

A violation of the Highway Traffic Regulation Act constitutes prima facie evidence of negligence[2] which will prevail against the violator unless there is countervailing evidence showing a statutory or other

---

[1]While the telephone company's motion was for a directed verdict, the court treated it as a motion to dismiss under Rule 41.02, Rules of Civil Procedure.

[2]Minn. St. 169.96.

reasonable ground for the violation.[3] The telephone company argues that parking the trucks on the bridge was specifically authorized by statute and that, in any event, it amply established justification and excuse for any violation.

Minn. St. 222.37 grants telephone and other utility companies the right to use public roads for the purpose of constructing and maintaining lines and conduits for their businesses, subject to all reasonable regulations imposed by the local governing body. While we cannot agree that this statute automatically exempts the telephone company from the operation of § 169.34(13), it may, under proper circumstances, afford a basis for justifying a violation of the latter statute. In other words, if the violation is reasonably necessary to the exercise of the rights granted by § 222.37, and the work is performed with due regard for the safety of others, then, in our opinion, the violation would be justified and excusable.

The two employees of the telephone company were called by the plaintiff for cross-examination under the Rules of Civil Procedure.[4] They testified that the accident occurred approximately one minute after the trucks had been parked and while they were in the process of setting out warning flags. On previous mornings these flags had been set up so as gradually to divert the traffic from the curb lane to the center lane. The manhole at which the employees were planning to work was located on the sidewalk approximately 632 feet from the east end of the bridge. The trucks were parked on the bridge primarily to prevent the employees from being struck by the overhang of moving vehicles or from objects falling off other trucks. If the telephone trucks had been parked off the bridge, both men would have been required to make three trips each morning and evening to move the required tools from the truck to the job site and back again. These tools included a manhole heater weighing approximately 85 pounds.

---

[3]Simon v. Carroll, 241 Minn. 211, 62 N. W. (2d) 822; Tschida v. Dorle, 235 Minn. 461, 51 N. W. (2d) 561.

[4]Rule 43.02. The notion that a party is "not bound" by the testimony of an adverse party or its employees merely refers to the ability of the party calling the witness to contradict or impeach the witness' testimony. It does not, as plaintiff suggests, affect the probative value of the evidence.

While from the testimony it appears that the job, in all likelihood, could have been completed without parking the trucks on the bridge, the method used was manifestly a practical and reasonable one. The test to be applied here is not whether the violation was an absolute necessity but whether, under all of the circumstances, it was reasonably necessary to the exercise of the rights granted by § 222.37.[5] The trial court properly concluded that the telephone company had sufficiently met its burden of producing evidence of justification and excuse and had overcome the prima facie case against it.

■ It has been frequently stated that, where the violation of a statute is made prima facie evidence of negligence and evidence has been introduced tending to show excuse or justification, the question of whether the violation constitutes negligence is an issue for the jury.[6] Plaintiff contends that in view of this rule it was error for the court, despite evidence of excuse and justification, to decide the issue of the telephone company's negligence as a matter of law.

The effect of a violation of the Highway Traffic Regulation Act is well stated in Demmer v. Grunke, 230 Minn. 188, 193, 42 N. W. (2d) 1, 5:

"* * * A statutory violation constituting prima facie evidence of negligence prevails as a controlling evidentiary factor against the violator only so long as there is an absence of evidence tending to show a reasonable ground for such violation or only so long as there is no actual evidence to justify a reasonable assumption that such violation was not negligent under the circumstances and would therefore not reasonably endanger himself or any other person entitled to the protection of the act. Olson v. D. M. & I. R. Ry. Co. 213 Minn. 106, 113, 5 N. W. (2d) 492, 496. The burden of producing such evidence of justification is upon the violator, but the moment such evidence appears from any quarter whatever the prima facie case against the violator not only ceases thenceforth to have any validity,

---

[5]Cf. Leman v. Standard Oil Co. 238 Minn. 379, 57 N. W. (2d) 814.

[6]E. g., Roeck v. Halvorson, 254 Minn. 394, 95 N. W. (2d) 172; Konkel v. Erdman, 254 Minn. 307, 95 N. W. (2d) 73; Thomas v. Mueller, 251 Minn. 470, 88 N. W. (2d) 842.

but wholly vanishes from the litigation as an evidentiary factor, and thereupon the burden of going forward with the evidence shifts to the opposing litigant. In the absence of evidence reasonably tending to show that the violator's conduct was not negligent under the circumstances, the prima facie case of negligence remains, and, if such negligence was a proximate cause of the accident, a directed verdict against the violator is in order. [Citing authorities.]"

Where the violator has met his burden of producing evidence, as in the instant case, the trial proceeds as if the prima facie case created by statute never existed. His conduct then must be examined in the light of the ordinary test applicable to negligence actions, and jury questions concerning negligence and causation are normally presented. It also follows, however, that where a statutory violation establishes only prima facie evidence of negligence, that does not make it mandatory that a jury determine the issue.

The problem here is analogous to that raised in Roeck v. Halvorson, 254 Minn. 394, 95 N. W. (2d) 172. We there held that, even though the statutory presumption of due care is of an evidentiary nature and the statute requires that it be given to the jury, the court may, nevertheless, in proper cases find that the presumption has been rebutted as a matter of law. Similarly, where the evidence rebutting a prima facie case of negligence is of such a nature that the minds of reasonable men cannot differ about it, it is incumbent upon the court to determine the issue of negligence as a matter of law.[7]

The record contains no evidence which would support a finding of negligence on the part of the telephone company. The necessity of parking on the bridge, coupled with the statutory authority to use the bridge for the purposes set forth here, clearly do not render this conduct, in itself, a deviation from the ordinary standard of due care. Nor does it appear that the company failed to take reasonable safety precautions. While warning flags had not been put out at the time of the accident, the company's employees had been at the scene for only a minute and had started to set them out. In all other respects we fail

---

[7]Cf. Olson v. Duluth, M. & I. R. Ry. Co. 213 Minn. 106, 5 N. W. (2d) 492.

to see in what manner the conduct of the employees was unlike that of any ordinarily prudent person under like or similar circumstances. We must conclude, therefore, that the court properly disposed of the issue as a matter of law.

■   Finally plaintiff contends that the trial court erred in failing to instruct the jury concerning the emergency rule. Since plaintiff did not object at the trial nor assign the failure to so instruct in his motion for a new trial, the alleged error cannot now be made the basis for the granting of a new trial.[8] Moreover, since there appears to be no dispute that the plaintiff chose the best and safest way to escape the emergency confronting him, the proposed instruction should not have been given.[9]

Affirmed.

MR. JUSTICE OTIS, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[8] Skinner v. Neubauer, 246 Minn. 291, 74 N. W. (2d) 656, 57 A. L. R. (2d) 1005.

[9] Bakken v. Lewis, 223 Minn. 329, 26 N. W. (2d) 478.