MELCHIOR SCHWALICH AND ANOTHER v.
ELLEN GUENTHER, SPECIAL ADMINISTRATRIX OF
ESTATE OF FRANK A. JARBOE.

166 N. W. (2d) 74.

February 28, 1969—No. 41394.

 

*Weis, Frauenshuh & Narveson,* for appellants.
*Winter, Lundquist, Sherwood & Pedersen,* for respondent.

ROGOSHESKE, JUSTICE.

This appeal raises the question of the proper application of res judicata, or more specifically estoppel by prior verdict, in successive actions arising out of a collision between two automobiles.

On June 26, 1967, Frank Jarboe was driving his automobile when it collided with an automobile driven by Emma Schwalich and owned by her husband, Melchior Schwalich, who was riding with her as a passenger. The collision occurred in an intersection where traffic is regulated by traffic control signals. Frank Jarboe was killed and the Schwalichs were injured.

Eugene Jarboe, acting as trustee for the surviving spouse and next of kin of Frank Jarboe, brought an action for death by wrongful act under Minn. St. 573.02 against Mr. and Mrs. Schwalich. The jury returned a verdict awarding damages of $18,091 against the Schwalichs upon a finding that Mrs. Schwalich's negligence was the sole cause of the collision. Before that verdict, but too late to be placed on the calendar for the same term of court,[1] Mr. and Mrs. Schwalich brought suit for damages under § 573.01 against the special administratrix of Frank Jarboe's estate for their personal injuries, medical expenses, and damage

---

[1] Even if both actions had been brought during the same term of court, they could not have been consolidated because of Minn. St. 602.04, the statutory presumption of decedent's due care governing the issue of decedent's negligence in the death action. Lambach v. Northwestern Refining Co. Inc. 261 Minn. 115, 111 N. W. (2d) 345. Since they were not on the same calendar, it was impossible for the trial court to follow our suggestion in Lustik v. Rankila, 269 Minn. 515, 517, note 4, 131 N. W. (2d) 741, 743, note 4, that the surviving driver's contributory negligence and decedent's own negligence might first be tried in the survivor's action on the question of liability only in order to "achieve something approaching an equal footing" for the surviving driver.

to the automobile. In this action the trial court granted defendant's motion for summary judgment on the ground that, under the doctrine of Lustik v. Rankila, 269 Minn. 515, 131 N. W. (2d) 741, plaintiffs were estopped by the prior verdict in the death action from relitigating the issue of liability. Plaintiffs appeal.

In Lustik, three prerequisites for the application of the doctrine of estoppel by verdict were set forth. For the purpose of this appeal, we state them as follows: (1) The party against whom the plea is asserted must have been a party or in privity with a party to the prior action; (2) there must have been a final judgment on the merits in the prior action; and (3) the issue in the prior action must have been identical with the one presented in the subsequent action. In other words, the rule of estoppel by verdict will be applied if the party or his privy against whom it is sought to be invoked (plaintiffs in this case) has had both the opportunity and the incentive to fully and fairly litigate the identical issue in the prior action to a final judgment on the merits.

Both plaintiffs, Emma and Melchior Schwalich, were parties to the death action which resulted in a final judgment on the merits. Thus, the first two requirements for application of the rule are fulfilled with respect to all of their claims. It is clear that plaintiff Emma Schwalich had both the opportunity and the incentive to fully and fairly litigate the issue of her negligence in relation to decedent in the prior death action. This issue was completely adjudicated and resolved against her. Thus, her claim in the instant case is identical to that of the plaintiff in Lustik v. Rankila, *supra*, where we held relitigation was barred. Unless we were to reverse Lustik as urged, which we decline to do, the summary judgment granted to defendant on plaintiff Emma Schwalich's claim must be upheld.

The trial court also granted defendant summary judgment on Melchior Schwalich's claim for his wife's medical and hospital expenses resulting from the accident. In Peters v. Bodin, 242 Minn. 489, 65 N. W. (2d) 917, we held that a wife's negligence while driving an automobile is imputed to her husband in an action by him to recover her medical expenses. This holding was based upon the well-established rule that such a claim is purely derivative so that if the wife herself could not

recover for such damages, her husband's right is also barred.[2] Since Emma Schwalich is precluded from recovering these expenses because of her negligence, her husband is also precluded.

In addition, Melchior Schwalich as a party to the first action had a full and fair opportunity to contest the issue of his wife's negligence. He, no less than his wife, had the incentive to do so, since under the Safety Responsibility Act[3] he, as the owner of the automobile, is made vicariously liable. The jury having determined that his wife's negligence was the sole cause of the collision, he is estopped from relitigating that issue in his subsequent derivative action, and the trial court properly granted summary judgment with respect to his claim for her medical expenses.

However, his claim for damages to his automobile and for his own injuries stands upon a different footing. He was neither alleged to be, nor found, negligent in the death action. His negligence was not an issue in that action. Presumably, he was made a party to that action only because of the provision of the Safety Responsibility Act which renders the owner of a motor vehicle liable to an innocent third party by imputing to the owner any negligence of one operating the vehicle with his consent.[4] However, the Safety Responsibility Act was adopted only to effectuate a legislative policy determining that as between an innocent third party injured by the negligent operation of an automobile and the owner of that automobile who permitted another person to drive it, the owner should bear the cost of the injuries. If the third party was himself guilty of negligence which contributed to his own injuries, he is not protected at the expense of the non-negligent owner. Moreover, neither the act nor the common law requires that a driver's

---

[2] See, State Farm Mutual Auto. Ins. Co. v. Village of Isle, 265 Minn. 360, 122 N. W. (2d) 36; Hartman v. Cold Spring Granite Co. 247 Minn. 515, 77 N. W. (2d) 651; Libaire v. Minneapolis & St. L. R. Co. 113 Minn. 517, 130 N. W. 8. See, also, Restatement, Torts (2d) § 494.

[3] Minn. St. 170.54.

[4] See, Jacobsen v. Dailey, 228 Minn. 201, 36 N. W. (2d) 711, 11 A. L. R. (2d) 1429; Christensen v. Hennepin Transp. Co. Inc. 215 Minn. 394, 10 N. W. (2d) 406, 147 A. L. R. 945.

negligence be imputed to the owner in a suit brought by the owner against an allegedly negligent third party to recover for the damages to his automobile or his personal injuries. Christensen v. Hennepin Transp. Co. Inc. 215 Minn. 394, 10 N. W. (2d) 406, 147 A. L. R. 945. It thus does not follow that the prior verdict which found the surviving driver, Emma Schwalich, negligent estops her husband from claiming in such a later suit that he himself was not negligent. His negligence is a totally new issue.

Implicit in the jury's verdict in the death action is a finding that the decedent, Frank Jarboe, was not negligent. However, this finding is not conclusive for all purposes, since the trustees had the benefit of the presumption that the decedent was exercising due care for his own safety as required by Minn. St. 602.04.

Originally, we held that this was merely a procedural presumption which was rebutted if the defendant introduced any evidence tending to show that the decedent was in fact negligent. TePoel v. Larson, 236 Minn. 482, 53 N. W. (2d) 468. However, the legislature subsequently enacted Minn. St. 602.04 (L. 1957, c. 949, § 1), making it mandatory that "[t]he jury shall be instructed of the existence of such presumption, and shall determine whether the presumption is rebutted by the evidence * * *." The complicating effect of this statute is to permit the jury to find a decedent free of negligence by force of the presumption despite evidence which would support a finding that decedent's negligence contributed to cause his death. See, Lambach v. Northwestern Refining Co. Inc. 261 Minn. 115, 123, 111 N. W. (2d) 345, 351 (concurring opinion of Mr. Justice Knutson).

As we pointed out in Lustik, the only effect of this statutory presumption is upon the issue of decedent's contributory negligence. However, this is the primary if not the sole issue in plaintiff Melchior Schwalich's action to impose liability upon decedent's estate. But, by the express language of § 602.04,[5] the decedent will not have the benefit of the

---

[5] "In any action to recover damages for negligently causing the death of a person, it shall be presumed that any person whose death resulted from the occurrence giving rise to the action was, at the time of the commission of the alleged negligent act or acts, in the exercise of due care for his own

statutory presumption in this action. Thus, the standard for determining decedent's negligence in the death action was different from the standard for determining his negligence in this subsequent action. Therefore, the issue governing liability is not identical in both actions.

Neither the issue of Melchior Schwalich's negligence, nor the issue of the decedent driver's negligence absent the statutory presumption, was litigated in the death action. The doctrine of estoppel by verdict was improperly applied to bar plaintiff Melchior Schwalich's claim for personal injury and property damage, and summary judgment with respect to it should not have been granted.

Affirmed in part and reversed in part.

safety. The jury shall be instructed of the existence of such presumption, and shall determine whether the presumption is rebutted by the evidence in the action."