RONALD M. BENSON, TRUSTEE FOR THE HEIRS OF MAE G. BENSON, v. FRANCIS J. DUNHAM.

174 N. W. (2d) 687.

February 13, 1970—No. 41494.

*John H. Rheinberger,* for appellant.

*E. W. Murnane* and *Murnane, Murnane, Battis, deLambert & Conlin,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Frank T. Gallagher, JJ.

OTIS, JUSTICE.

This is an action to recover damages for death by wrongful act, arising out of an intersection collision between two automobiles. The trial court held as a matter of law that defendant was not negligent and that decedent was herself guilty of contributory negligence, and directed a verdict in favor of defendant. The trustee appeals from an order denying a new trial.

The accident occurred on February 7, 1966, shortly after 6 o'clock in the morning, about 4 miles west of Stillwater, Minnesota. Defendant was driving west on Trunk Highway No. 36, from Osceola, Wisconsin, to St. Paul. The decedent, Mrs. Mae G. Benson, was driving south on County Road No. 37 from her farm home to Minneapolis. It was an extremely foggy morning, and visibility was limited to approximately 2 car lengths. The surface of the highway was frosty and slippery. Defendant testified that as he crossed the intersection of County Road No. 37 he saw a flash of light 25 feet to his right, following which the collision occurred. His vehicle came to rest facing east, some 90 feet west of the intersection, on the south side of the pavement. The Benson vehicle stopped about 40 feet west of the intersection, on the south edge of the pavement, facing southwest.

Testimony which was decisive was elicited from a highway patrolman who examined the scene of the accident immediately following the collision. Highway No. 36 is a divided arterial highway. Traffic entering from the north on County Road No. 37

crosses a service road and goes up a slight incline to reach the main traveled portion of Highway No. 36. The arterial stop sign is located between the service road and Highway No. 36. The patrolman testified there were 34 feet of parallel skid marks in the westerly half of County Road No. 37 running north from a point 5 feet north of the center of the westbound lane of Highway No. 36. From the end of the skid mark there was a gouge on the highway described as "a curlicue" about a foot long, curving westward, followed by a gouge mark 23 feet, 2 inches long leading to the point where decedent's car came to rest.

Mrs. Benson, who was 43 years of age, lived about 2 miles north of Highway No. 36 and for 16 years had taken the same route on County Road No. 37 and Highway No. 36 to her place of work 5 days a week. As she approached Highway No. 36, she was confronted with six successive signs, beginning 850 feet north of Highway No. 36, warning her of her impending approach to the main highway. The first warned, "Stop Sign Ahead"; the second, "Junction 36"; the third, "Twin Cities"; the fourth, "Frontage Road"; the fifth, "Service Road"; and the sixth a conventional stop sign.

The trial court gave the following reasons for granting defendant's motion for a directed verdict:

"Now, at one point in this case, and in the early part of the case at least, it would seem that the plaintiff was clothed with the presumption of due care since the plaintiff decedent is now dead—did not survive the accident, and, of course, cannot testify as to what was done. However, it is the opinion of the Court that the testimony of Officer Nelson, which is the only testimony that would show any manner at all in which she entered the intersection—that Mrs. Benson entered the intersection, was that there were skid marks of thirty-four (34) feet. The Court, under those conditions, feels that she did not enter the highway in compliance of legal requirements and the duty of all persons to use due care. The only testimony with respect to the manner in which the decedent entered the highway was the testimony of Officer Nelson

who investigated the accident and who described the skid marks that led to the gouge marks and from thence to the plaintiff's automobile. This evidence, standing alone, unrebutted, would appear to rebut the presumption of due care of Mae G. Benson, and, therefore, the motion of the defendant Francis J. Dunham is granted."

The only issue is whether the evidence of contributory negligence was sufficient to overcome the statutory presumption of due care. We hold that it was.

■ We are of the opinion that it was error for the trial court to find defendant free from negligence as a matter of law. The question of his speed, lookout, and control under existing highway and weather conditions was clearly for the jury. However, we do not think reasonable men could differ as to Mrs. Benson's own negligence.

■ It is the general rule that skidding in and of itself is not necessarily evidence of negligence. "But if such skidding could have been prevented by the exercise of ordinary care, then it is evidence of negligent driving." Cohen v. Hirsch, 230 Minn. 512, 514, 42 N. W. (2d) 51, 52; Thompson v. Peterson, 235 Minn. 142, 50 N. W. (2d) 53; Yurkew v. Swen, 252 Minn. 277, 89 N. W. (2d) 723; Tanski v. Jackson, 269 Minn. 304, 130 N. W. (2d) 492; Yellow Taxi Company of Minneapolis v. MacMillan, 284 Minn. 531, 169 N. W. (2d) 8.

There was no evidence from which the jury could come to any conclusion except that Mrs. Benson entered Highway No. 36 without having her vehicle under proper control. It was her duty to anticipate her approach to the main thoroughfare and if need be to yield the right-of-way to oncoming vehicles. She had taken the same route every workday for many years and had driven 2 miles that morning before reaching the main highway. Consequently, she was familiar with the highway and weather conditions. For reasons which could not be determined because of her death, she did not take necessary precautions to bring her vehicle to a stop before reaching Highway No. 36 in spite of the many

warning signs. Under these circumstances, it is clear that skidding was indeed evidence of negligence which proximately caused the accident.

■ The trustee argues that the question of whether decedent's statutory presumption of due care was rebutted should have been submitted to the jury for determination.[1] He does not contend that the statute deprives the trial court of the power to find a decedent guilty of contributory negligence as a matter of law in proper cases. Roeck v. Halvorson, 254 Minn. 394, 95 N. W. (2d) 172; Krafft v. Hirt, 260 Minn. 296, 110 N. W. (2d) 14; Lambach v. Northwestern Refining Co. Inc. 261 Minn. 115, 111 N. W. (2d) 345. We are of the opinion that this is a case where the presumption of due care has been rebutted as a matter of law and that the trial court therefore correctly directed a verdict for defendant.

Affirmed.

---

[1] Minn. St. 602.04 provides: "In any action to recover damages for negligently causing the death of a person, it shall be presumed that any person whose death resulted from the occurrence giving rise to the action was, at the time of the commission of the alleged negligent act or acts, in the exercise of due care for his own safety. The jury shall be instructed of the existence of such presumption, and shall determine whether the presumption is rebutted by the evidence in the action."