ROBERT JOHNSON AND OTHERS v. JOSEPH L. DONOVAN, SECRETARY OF STATE, AND ANOTHER.

188 N. W. (2d) 864.

July 2, 1971—No. 42710.

*Theodore J. Collins, A. Keith Hanzel,* and *Collins & Abramson,* for appellants.

*Warren Spannaus,* Attorney General, *John M. Mason,* Solici-

tor General, and *Thomas B. Sedgwick*, Special Assistant Attorney General, for respondents.

KNUTSON, CHIEF JUSTICE.

Appeal from judgment denying appellants' claim that L. 1969, c. 824, is invalid and unconstitutional in its application. The essential facts are as follows:

L. 1969, c. 824, § 2, amended Minn. St. 1967, § 168.011, dealing with registration and taxation of motor vehicles, to include a subdivision dealing expressly with recreational equipment. "Recreational equipment" is defined by § 168.011, subd. 25, as follows:

" 'Recreational equipment' means house trailers including those which telescope or fold down, chassis mounted campers, house cars, motor homes, tent trailers, slip in campers, converted buses and converted vans.

"(1) House trailers, chassis mounted campers, house cars, motor homes, tent trailers, slip in campers, converted buses and converted vans are units designed and used for human living quarters and meeting the following qualifications:

"(a) Are not used as the residence of the owner or occupant.

"(b) Are used for temporary living quarters by the owner or occupant while engaged in recreational or vacation activities.

"(c) Are self propelled or towed on the public streets or highways incidental to such recreational or vacation activities.

"(2) Slip in campers are mounted into a pickup truck in the pickup box, either by bolting through the floor of the pickup box or by firmly clamping to the side of the pickup box. The vehicle may be registered, at the owner's choice, as either a recreational vehicle under this definition or may be registered as a truck, defined by subdivision 10. If the camper is removed the vehicle cannot be registered as a recreational vehicle and must be registered as a truck."

L. 1969, c. 824, § 3, amended Minn. St. 1967, § 168.013, subd. 1, by establishing the following tax rate for recreational vehicles

(§ 168.013, subd. 1[8]) based exclusively on gross weight, with no modification for depreciation or age:

"8. Recreational vehicles shall be taxed annually according to the following schedule:

| "Gross Weight (In Pounds) | Fee |
|---|---|
| 0—1,500 | $ 5.00 |
| 1,501—3,000 | 8.00 |
| 3,001—4,500 | 13.00 |
| 4,501—6,000 | 21.00 |
| 6,001—9,000 | 29.00 |
| 9,001-12,000 | 38.00 |
| 12,001-15,000 | 64.00 |
| 15,001-18,000 | 82.00 |
| 18,001-21,000 | 104.00 |
| 21,001-27,000 | 126.00 |

"A trailer of the kind described in paragraph 2, that is pulled by a recreational vehicle shall be taxed and registered in accordance with that paragraph."

Following passage of L. 1969, c. 824, appellants, a group of owners of buses converted for recreational use, commenced a class action for a declaratory judgment, seeking to have the act declared invalid. A trial was conducted and testimony adduced from a number of such bus owners to the effect that the new law would cause their license fees to be drastically increased. For example, the license fee on a converted 1942 school bus classed as a recreational vehicle was increased from $19.80 to $86.10, whereas if the same vehicle were licensed as a school or charter bus, its tax would be $29.40. On a 1946 coach the fee went from $19.75 to $109. By contrast, the license fees for new motor homes, such as the Dodge Motor Home and the Winnebago and Pathfinder, were substantially reduced—for example, from $78 to $39 for the Winnebago.

Mr. Wilmar Howes, state motor vehicle director, testified that

prior to the amendment recreational vehicles such as motor homes and converted buses were taxed as passenger automobiles, with the tax computed on the basis of both weight and age. The highest weight category in the passenger car tax table was "over 5,000 pounds" so that when recreational vehicles were taxed as automobiles a large converted bus weighing, e. g., 25,000 pounds paid the same tax as a 5,000-pound automobile of the same age.

The trial court held c. 824 to be constitutionally valid and ordered entry of judgment of dismissal.

The only issue before us is whether this act contravenes the Fourteenth Amendment to the United States Constitution or Minn. Const. art. 9, § 1.

The Fourteenth Amendment provides in part:

"* * * [No state shall] deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

Minn. Const. art. 9, § 1, provides in part:

"* * * Taxes shall be uniform upon the same class of subjects, and shall be levied and collected for public purposes, * * *."

Appellants base their argument of unconstitutionality essentially on four propositions: (1) "Recreational vehicles" do not constitute an identifiable class so as to justify a separate tax classification; (2) the provision which permits owners of pick-up campers to register them either as trucks or as recreational vehicles constitutes a special privilege for such persons, destroying uniformity of taxation within the classification; (3) the failure to allow for depreciation is confiscatory when applied to converted buses; and (4) the definitional language in the amendment is unconstitutionally vague.

1. In applying the above constitutional provisions, we start with the well-established principles that the state enjoys substantial discretion in making classifications of property for tax purposes and that where classification is not arbitrary or dis-

criminatory but has some reasonable basis in fact, the judgment of the legislature should not be disturbed by the courts.

These constitutional provisions have been considered by this court in a number of cases. For instance, in General Mills, Inc. v. Division of Employment and Security, 224 Minn. 306, 28 N. W. (2d) 847, we held that these provisions permit the state broad powers to tax and to classify for tax purposes. The general rule is stated in 18 Dunnell, Dig. (3 ed.) § 9140.2, as follows:

"* * * The legislature, being the sole arbiter of the purposes for which taxes are levied and the persons and property upon which the tax shall operate, provided the taxes are levied for public purposes, has the power to classify property for taxation subject only to the restrictions that persons or property within the same class be treated equally and that the classifications have a fair relationship to the object of the legislation. The legislature has a broad discretion in determining that classification has a reasonable relation to a governmental purpose, and the courts should not interfere unless there is a palpable error."

In determining the validity of the statutory provision involved in the light of these rules, we cannot say that the taxation of "recreational vehicles" as a distinct type of property violates established law. In C. Thomas Stores Sales System, Inc. v. Spaeth, 209 Minn. 504, 297 N. W. 9, we reversed the trial court's decision that a tax levied on chain stores but not on individual sellers violated the constitutional requirements of uniformity, and said, with respect to classification (209 Minn. 514, 297 N. W. 16):

"Equal protection does not require any iron rule of equality of taxation. The distribution of the tax burden in such manner as seems equitable is recognized as a proper exercise of the power of taxation. * * * Classification must not be arbitrary. By that is meant that distinction must rest upon some difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced shall be treated

alike. \* \* \* Where the classification rests upon some reasonable difference there is no denial of equal protection of the law."

The classification of recreational vehicles in c. 824 is predicated upon a characteristic common to such vehicles and not to vehicles falling under other classifications: Such recreational vehicles which are propelled or towed on public streets or highways have been designed and are used for temporary human living quarters while their occupants are engaged in recreational or vacation activities. Such vehicles did not fit properly within the framework of previous classifications, a fact which undoubtedly was the motivating force behind the amendment of Minn. St. 1967, §§ 168.011, and 168.013, subd. 1. For example, under previous law, converted buses used as recreational vehicles were classified as passenger automobiles and as such came within the 5,000-pound classification, even though such vehicles frequently weigh over 15,000 pounds and their use on the highways is quite different from that of passenger automobiles generally.

None of the authorities cited by appellants requires a contrary conclusion. Many of the cases cited show unconstitutional classifications in taxing due to attempts to levy a tax on one group while exempting entirely another group engaged in essentially similar pursuits. For instance, in State v. Pehrson, 205 Minn. 573, 287 N. W. 313, an ordinance exempting growers from a peddlers' tax was held unconstitutional; State ex rel. Luria v. Wagener, 69 Minn. 206, 72 N. W. 67, involved an attempt to regulate peddlers; State ex rel. Matteson v. Luecke, 194 Minn. 246, 260 N. W. 206, 99 A. L. R. 1063, involved classification of real estate taxpayers in delinquent and nondelinquent classes, with provision for discount for delinquent taxpayers. Other cases cited by appellants on this issue do not involve tax classifications and hence require no further discussion.

2. Appellants next contend that the provision of the amendment permitting owners of pickup campers to register them either as trucks or as recreational vehicles violates the requirement of uniformity.

In their brief, appellants state that this provision of the amendment is a "bit of legislative sleight of hand" in that the owner of a pickup camper may choose the lower tax. Appellants, however, overlook the following provision of the amendment (Minn. St. 168.011, subd. 25[2]):

"* * * If the camper is removed the vehicle cannot be registered as a recreational vehicle and must be registered as a truck."

Viewed in the light of that qualification, the implication of special privilege is greatly diluted. It is clear that the slip-in camper differs in important respects from other recreational equipment in that it is not in itself a wheeled vehicle but merely equipment mounted upon a vehicle. Since the camper may be removed easily, a pickup truck may therefore serve a dual purpose. At times it has recreational characteristics and at other times those of a truck. In view of the difficult administrative problems that would be encountered if owners of such vehicles were taxed according to the amount of time such vehicles were used as recreational vehicles, the legislative conclusion to classify this type of property according to its possible use bears a reasonable relationship to its probable use.

3. Appellants next contend that L. 1969, c. 824, is invalid because it fails to make allowance for depreciation of recreational vehicles. They argue that, as applied to converted buses, the recreational vehicle tax constitutes the taking of property without due process of law.

Generally, the uniformity requirement means that all property within a class must be treated equally, not that all classes must be so treated. Thus, the mere failure to provide for depreciation of recreational vehicles although depreciation is afforded to other motor vehicles is not of itself a violation of the uniformity requirement, because the length of time such equipment is used does not necessarily establish a decreased value of it. In other words, age is not indicative of value, and an old bus may be purchased for a small price and then converted into a recrea-

tional vehicle having all the comforts of home, with the result that its value may be greatly enhanced although such increase in value is not reflected at all in the age of the vehicle.

Appellants argue that, as applied to old buses converted for recreational use, the taxes are confiscatory and amount to a violation of due process. They point to the example of a 1945 bus purchased in 1967 for $90, for which the 1970 license tax was $86. They fail, however, to point out that the 1945 bus purchased for $90, after conversion into a recreational vehicle had an actual value of $2,500.

We think here, again, the classification had a reasonable basis and was uniformly applied to property of the same type.

4. Finally, appellants contend the definitional language of the statute is unconstitutionally vague.

This argument has little merit and requires little discussion. The terms used, such as "house trailer," "slip in camper," or "van" are terms that are in common usage and we think it is fair to say that appellants had little difficulty in determining the applicability of the taxing statute to property so described.

We are convinced that, viewed as a whole, the decision of the trial court upholding the validity of L. 1969, c. 824, is correct.

Affirmed.