**WINONA NATIONAL AND SAVINGS BANK, Trustee under the Minnesota Wrongful Death Act for the Next of Kin of Emilie W. Guderian, Deceased, Appellant,**

v.

**DAHLEN TRANSPORT COMPANY, et al., Respondents.**

No. 46444.

Supreme Court of Minnesota.

June 10, 1977.

---

Streater, Murphy, Brosnahan & Langford and Kent A. Gernander, Winona, for appellant.

Wm. J. Nierengarten, Austin, for respondents.

Heard before ROGOSHESKE, PETERSON and SCOTT, JJ., and considered and decided by the court en banc.

ROGOSHESKE, Justice.

The appeal in this death-by-wrongful-act suit by the trustee for the next of kin of decedent driver raises the issue of the proper application of the doctrine of estoppel by verdict where a passenger in decedent driver's automobile recovered personal injury damages in a prior action arising out of the same collision based upon jury findings that the decedent driver was 65-percent causally negligent. Upon the surviving driver's and his employer's motion for summary judgment, the trial court ruled that the trustee was collaterally estopped from relitigating the issue of negligence of the decedent driver by reason of the prior finding that she was 65-percent causally negligent. We are compelled to conclude that our decision in *Price v. Amdal*, Minn., 256 N.W.2d 461, filed herewith, requires a reversal of the trial court's decision, and we hold that the trustee's action is not barred.

The accident giving rise to this litigation occurred in Winona on August 10, 1971, and involved an automobile driven by Mrs. Emilie Guderian and a truck owned by Dahlen Transport Company and operated by its employee, Harold Erickson. Both Mrs. Guderian and her sister-passenger, Mrs. Hermine Critchfield, were seriously injured. Mrs. Guderian died from her injuries on Novem-

ber 19, 1971. Thereafter, Mrs. Critchfield settled her claim against Mrs. Guderian's estate by the decedent's insurance company paying its policy limits of $10,000. Mrs. Critchfield thereon executed a covenant not to sue either the company or the estate and to indemnify them against any claims or expenses arising from actions brought by her against third parties.

On February 7, 1972, Mrs. Critchfield sued Dahlen and Erickson, alleging that the injuries she sustained were solely the result of the surviving driver's negligence. Dahlen and Erickson impleaded the special administrator of the Guderian estate as a third-party defendant, alleging that Mrs. Guderian's negligence was solely or partly the cause of the accident. Pursuant to the indemnification covenant executed between Mrs. Critchfield and the Guderian estate, the third-party complaint was answered by Mrs. Critchfield's attorney. At trial, no evidence or argument was advanced either on behalf of Mrs. Guderian's estate or her next of kin. For reasons not explained in the record, counsel retained by the next of kin served as co-counsel for Mrs. Critchfield.[1] The special verdict returned by the jury found decedent Guderian 65-percent causally negligent, the surviving driver Erickson 30-percent causally negligent, and the passenger, Mrs. Critchfield, 5-percent causally negligent. Damages were apportioned accordingly and a final judgment was entered January 3, 1973.

In May 1974, the present death-by-wrongful-act suit was instituted by the trustee for Mrs. Guderian's next of kin against Dahlen and Erickson pursuant to Minn.St. 573.02. The next of kin represented by the trustee was coincidentally the sole heir of Mrs. Guderian's estate. Based on a finding of "practical privity" between the administrator of the estate and the trustee, the trial court held that the trustee was collaterally estopped from maintaining this action and ordered summary judgment for defendants. This appeal followed.

The problem which has plagued us in applying the doctrine of estoppel by verdict to multiparty actions arising out of the same motor vehicle collision resulting in death of one of the drivers is the legal inconsistency and procedural difficulties created by the mandatory jury instruction provision of Minn.St. 602.04. As more fully set forth in the *Price* opinion, we have previously held that, in an action by the trustee to recover damages for the decedent driver's death, the trial judge is mandated by § 602.04 to instruct the jury that decedent was presumed to be "in the exercise of due care for his own safety." The statute does not require such instruction when the representative of his estate is defending a suit by a surviving driver or passenger. *Lustik v. Rankila*, 269 Minn. 515, 131 N.W.2d 741 (1964); *Lambach v. Northwest Refining Co., Inc.*, 261 Minn. 115, 111 N.W.2d 345 (1961). This inconsistency and the procedural difficulties created thereby, including nonconsolidation for trial, have now been set at rest by the *Price* case, where we held that the mandatory instruction of decedent's presumed exercise of due care is an unconstitutional denial of equal protection, in view of our comparative negligence law, to those survivors against whom a wrongful-death action is brought. The effect of our decision is summarized as follows (256 N.W.2d 469):

"Henceforth, as a result of our decision, an action for wrongful death brought by a trustee for the decedent's heirs, and a negligence action by a survivor against the decedent's estate, may be consolidated for trial since no instruction concerning statutory presumption of the decedent's exercise of due care need be given. Where applicable, the common-law presumption shall be applied in lawsuits tried in Minnesota after the issuance date of this opinion."

While we must acknowledge that we did not address the specific issue raised on this appeal in the *Price* case, we have now effectively nullified the mandatory jury instruction created by § 602.04, removed the im-

---

1. Defendant's counsel moved at trial to bar the appearance of counsel for the next of kin of Guderian as co-counsel for Mrs. Critchfield. The motion was denied.

pediment to consolidate for trial multiparty actions involving decedent and surviving drivers and passengers, and restored the common-law presumption of a decedent's due care to its former and traditional procedural status. An application of these consequences would appear logically to require an affirmance of the trial court's decision in this case, since the jury's finding of the comparative causal negligence of the decedent and surviving driver was not affected by an instruction of decedent's presumed due care. However, such logic ignores our prior holdings where consolidation of the passenger's and trustee's actions for trial was prohibited. Such prior impediment to consolidation compels a conclusion that to now bar the trustee's action would be manifestly unjust. Surely, were consolidation for trial permissible when the passenger's action was commenced, every effort would have been made by the trustee to persuade the jury to find decedent's causal negligence proportionately less than that of the surviving driver. But such advocacy never occurred because the trustee was not a party to the passenger's action, and the special administrator, who had been impleaded as a third-party defendant, had no incentive to participate in the action because the estate was insulated from further liability under the settlement agreement and covenant against suit and indemnity. To now hold that the trustee is collaterally estopped from relitigating the issue of decedent's causal negligence when this issue was not forcefully advocated in the prior action would be an inequitable application of estoppel by verdict, which as a creature of equity should not be employed to work an injustice.

We note in conclusion that with the abolition of the mandatory instruction provision of § 602.04 it is highly improbable that the evidence to be adduced in the trustee's action will warrant an instruction of decedent driver's presumed due care under the common-law principles restored in the *Price* case. Moreover, while similar pending cases may require a like disposition, the future impact of our decision in *Price* should hopefully result in consolidated trials of all claims arising out of the same motor vehicle collision involving one or more decedent drivers and surviving claimants.

Reversed and remanded.